# UNITED STATES DISTRICT COURT
for the
Eastern District of Virginia

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br><br>WHATSAPP MESSENGER ACCOUNTS ASSOCIATED<br>WITH THE FOLLOWING TELEPHONE NUMBER:<br>503 7685 8679 THAT IS STORED AT THE PREMISES<br>CONTROLLED BY WHATSAPP INC. | )<br>)<br>)  Case No.    1:17SW586<br>)<br>)             UNDER SEAL<br>)<br>) |

## SEARCH AND SEIZURE WARRANT

To:     Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the ____Northern____ District of ____California____
*(identify the person or describe the property to be searched and give its location)*:

WHATSAPP MESSENGER ACCOUNTS ASSOCIATED WITH THE FOLLOWING TELEPHONE NUMBER: 503 7685 8679 THAT IS STORED AT THE PREMISES CONTROLLED BY WHATSAPP INC., as described in Attachment A (Property to be Searched).

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

Please see Attachment B (Particular things to be Seized)

**YOU ARE COMMANDED** to execute this warrant on or before ____September 24, 2017____ *(not to exceed 14 days)*
☐ in the daytime 6:00 a.m. to 10:00 p.m.   ☑ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to ____Hon. Michael S. Nachmanoff____.
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for _____ days *(not to exceed 30)*   ☐ until, the facts justifying, the later specific date of _____.

Date and time issued:   9/11/17 @ 3:20 pm           /s/ Michael S. Nachmanoff
                                                    United States Magistrate Judge

City and state:   Alexandria, VA                    Hon. Michael S. Nachmanoff, U.S. Magistrate Judge
                                                    *Printed name and title*

AO 93 (Rev. 11/13) Search and Seizure Warrant (Page 2)

| Return | | |
|---|---|---|
| Case No.: 1:17SW586 | Date and time warrant executed: 9-13-17 approx 3:55 pm | Copy of warrant and inventory left with: |
| Inventory made in the presence of : | | |
| Inventory of the property taken and name of any person(s) seized: Sent via e-mail to whatsappLEC@subpoenasolutions.com | | |

### Certification

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: 9-13-17

*Executing officer's signature*

Michael B. Tavanthu  S/A
*Printed name and title*

## ATTACHMENT A

### Property to Be Searched

This warrant applies to information associated with the WhatsApp accounts associated with the following telephone number:

503 7685 8679

that is stored at premises owned, maintained, controlled, or operated by WhatsApp Inc., a company headquartered in Menlo Park, California.

## ATTACHMENT B

### Particular Things to be Seized

I.  **Information to be disclosed by WhatsApp**

To the extent that the information described in Attachment A is within the possession, custody, or control of WhatsApp, including any messages, records, files, logs, or information that have been deleted but are still available to WhatsApp, or have been preserved pursuant to a request made under 18 U.S.C. § 2703(f), WhatsApp is required to disclose the following information to the government for each account (or account associated with any IMEI number) listed in Attachment A:

a. All identity and contact information, including full name, email address, physical address (including city, state, and zip code), date of birth, gender, hometown, occupation, and other personal identifiers;

b. All past and current usernames, account passwords, names and telephone numbers associated with the account;

c. The dates and times at which the account and profile were created, and the Internet Protocol ("IP") address at the time of sign-up;

d. All activity logs including all IP logs and other documents showing the IP address, date, and time of a subscriber's use of the account;

e. All information regarding the particular device or devices used to login to or access the account, including all device identifier information or cookie information, including all information about the particular device or devices used to access the account and the date and time of those accesses;

f. All data and information associated with any user profile, including photographs, "bios," and profile backgrounds and themes;

g. All photographs and images associated with the subscriber's account;

h. All location data associated with the account, including geolocation sharing information with other accounts;

i. All data and information that has been deleted by the user;

j. A list of all of people, telephone numbers, groups, or accounts that are linked to the WhatsApp account, including through contact lists, third-party applications or websites, including Facebook, the identity and contact information for each linked

d. Any lists of customers or suppliers of controlled substances, and related identifying information;

e. Types, amounts, and prices of controlled substances trafficked as well as dates, places, and amounts of specific transactions;

f. Any information related to sources of controlled substances (including names, addresses, phone numbers, or any other identifying information);

g. All bank records, checks, credit card bills, account information, and other financial records.

h. Records or other information relating to who created, used, or communicated with the account, including records about their identities and whereabouts.

As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they have been created or stored, including any form of computer or electronic storage (such as flash memory or other media that can store data) and any photographic form.

3

      person, telephone number and account, including full name, e-mail address, physical address (including city, state, and zip code), date of birth, gender, hometown, occupation, and other personal identifiers;

k. All privacy and account settings;

l. All information about connections between the account and third-party websites and applications;

m. All records pertaining to communications between Whats App and any person or account regarding the user or the user's WhatsApp account, including contacts with support services, and all records of actions taken, including suspensions of the account.

n. All communications between WhatsApp and the account; and

o. All communications or other messages sent or received by the account including all communications between the account and any other WhatsApp account or associated third-party website or application account including all retained (1) instant messaging, (2) text, picture, video, and audio media messaging, (3) group chats, (4) status updates; and (5) geolocation sharing information.

II. **Information to be seized by the government**

All information described above in Section I that constitutes fruits, evidence, and instrumentalities of violations of 21 U.S.C. §§ 841(a)(1), 846, 952(a), 960(a), and 963, involving the operator or creator of the account, Rosemberg Majano, and/or Jose Orellana Montalvo, including, for each user ID identified on Attachment A, information pertaining to the following matters:

a. Any conversations related to the possession, distribution, or importation of controlled substances;

b. Any records of telephone calls or other communications with Rosemberg Majano, Jose Orellana Montalvo, or other co-conspirators;

c. Any pictures or other digital media related to the possession, distribution, or importation of controlled substances;

2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA

Alexandria Division



IN THE MATTER OF THE SEARCH OF
INFORMATION ASSOCIATED WITH
WHATSAPP MESSENGER ACCOUNTS
ASSOCIATED WITH THE FOLLOWING
TELEPHONE NUMBER:

503 7685 8679

THAT IS STORED AT PREMISES
CONTROLLED BY
WHATSAPP INC.

Case No. 1:17-SW-586

**UNDER SEAL**

### ORDER TO SEAL AND FOR NONDISCLOSURE PURSUANT TO 18 U.S.C. § 2705(b)

The United States, pursuant to Local Rule 49(B) of the Local Criminal Rules for the United States District Court for the Eastern District of Virginia and 18 U.S.C. § 2705(b), having moved to seal the search warrant, application, supporting affidavit, motion to seal, and this Order, and having further moved for a § 2705(b) nondisclosure order covering these materials;

The Court, having considered the government's submissions, including the facts presented by the government to justify sealing; having determined that that there is reason to believe that notification of the existence of these materials will seriously jeopardize the ongoing investigation, including by giving the target an opportunity to flee or continue flight from prosecution, destroy or tamper with evidence or witnesses, change patterns of behavior, or notify confederates, if any, *see* 18 U.S.C. §§ 2705(b)(2), (3), & (5); having found that revealing the material sought to be sealed would jeopardize an ongoing criminal investigation; having considered the available alternatives that are less drastic than sealing; finding none would suffice

to protect the government's legitimate interest in concluding the investigation; and having found that this legitimate government interest outweighs at this time any interest in the disclosure of the material; it is hereby

ORDERED that the United States' motion is GRANTED, and the search warrant, application, supporting affidavit, motion to seal, and this Order be SEALED until further order of the Court.

IT IS FURTHER ORDERED under 18 U.S.C. § 2705(b) that WhatsApp Inc. or its affiliates shall not disclose the existence of these materials to any person or entity, for a period of two years from the date of this Order, except that WhatsApp Inc. may disclose this Order to law enforcement officers of the United States Department of Homeland Security, Homeland Security Investigations, as part of its cooperation with law enforcement agents to execute the search warrant. This non-disclosure order is subject to further renewal upon a proper showing under 18 U.S.C. § 2705(b).

Date: 9/11/17

/s/
Michael S. Nachmanoff
United States Magistrate Judge

Hon. Michael S. Nachmanoff
United States Magistrate Judge